<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

MATTHEW L. BARTAL,            )
                              )
            Plaintiff         )    Civil Action
                              )    No. 05-CV-00105
      v.                      )
                              )
BOROUGH OF LAURELDALE,        )
                              )
            Defendant         )

                         *   *   *

APPEARANCES:

        BROOKE M. BOYER, ESQUIRE
            On behalf of Plaintiff

        CHRISTOPHER P. GERBER, ESQUIRE
            On behalf of Defendant

                         *   *   *

                     O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on Plaintiff's Motion for Partial Summary Judgment, which motion was filed November 15, 2006[1] and Defendant Borough of Laureldale's Motion for Summary Judgment, which motion was filed November 20, 2006.[2]  For the

---

[1]     Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment was filed November 29, 2006.

[2]     Plaintiff's Reply to Defendant's Motion for Summary Judgment was filed December 4, 2006.

reasons expressed below, I grant defendant's motion and deny plaintiff's motion and dismiss plaintiff's three-count Complaint.

## SUMMARY OF DECISION

The First Count of plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983.  It is a civil action seeking money damages for an alleged violation of the due process clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. XIV § 1, cl. 2.  More specifically, plaintiff Matthew L. Bartal alleges that defendant Borough of Laureldale wrongfully deprived him of his statutorily-conferred property interest in his employment as a Borough Police Officer by terminating his employment and by not hiring him as a fulltime officer at the conclusion of his probationary period.

For the purposes of a Section 1983 action, the federal court looks to state law to determine whether plaintiff has a legitimate entitlement to, and hence a property interest in, his government job.  I granted defendant's motion for summary judgment and dismissed the First Court of plaintiff's Complaint because I concluded that plaintiff never successfully completed his probationary period as police officer.  This is because prior to the close of plaintiff's one-year probationary period, defendant took administrative steps to remove him from service as an active duty police officer, as it was entitled to do.

In that regard, I concluded that if presented with the question, the Supreme Court of Pennsylvania would hold that defendant had a brief and reasonable period of time after the close of plaintiff's probationary period to evaluate his performance and fitness for a tenured position and would extend his probationary period briefly for this limited purpose.

The Second Count of plaintiff's Complaint alleges a cause of action for a violation of Pennsylvania's Local Agency Law.  2 Pa.C.S.A. §§ 105-106, 551-555, 751-754.  The Third Count is a cause of action for a violation of The Borough Code of Pennsylvania.  Act of February 1, 1966, P.L. (1965) 1656, No. 581, §§ 101-1199, as amended, 53 P.S. §§ 45101-46199.

I granted defendant's motion for summary judgment and dismissed the Second and Third Counts of plaintiff's Complaint because, having determined that all federal-question claims must be dismissed, the remaining two claims sound in state law.  I concluded that there is no federal jurisdiction pursuant to 28 U.S.C. § 1331.  Accordingly, I declined to exercise supplemental jurisdiction over the remaining claims.

Plaintiff's motion for partial summary judgment seeks an award of summary judgment solely on the First Count of plaintiff's Complaint and solely on the issue of defendant's liability.  For the foregoing reasons, I deny plaintiff's motion in its entirety.

JURISDICTION

Jurisdiction is based upon federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  This court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred in the Borough of Laureldale, Berks County, Pennsylvania, which is located in this judicial district.

SCOPE OF REVIEW

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 433 (3d Cir. 2003).  Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant.  Anderson, supra.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  Watson v. Eastman Kodak Company, 235 F.3d 851, 858 (3d Cir. 2000).  A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in his pleadings, but rather must present competent evidence from which a jury could reasonably find in his favor.  Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

FACTS

Upon consideration of the pleadings, depositions, record papers and affidavits submitted in this action, and the statements and counter-statements of undisputed material facts filed by the parties in conjunction with their respective cross-motions for summary judgment, the relevant facts are as follows.

On April 15, 2003 plaintiff Matthew L. Bartal was hired as a probationary fulltime police office by defendant Borough of Lauderdale, Berks County, Pennsylvania.  Pursuant to Pennsylvania law, all original civil service appointments to a Borough police force are subject to "a probationary period of not less than six months, and not more than one year".  53 P.S. § 46186.  Moreover, section 26 of the Collective Bargaining Agreement between the

Borough of Laureldale and the Police Association provides that a police officer's probationary period continues for a period of one year from the date an officer is appointed.

On May 5, 2003 plaintiff was charged with criminal trespass, a felony, pursuant to 18 Pa.C.S.A § 3503(a)(1)(i); summary criminal mischief pursuant to 18 Pa.C.S.A § 3503(a)(5); disorderly conduct pursuant to 18 Pa.C.S.A § 5503(a); and two counts of summary harassment pursuant to 18 Pa.C.S.A § 2709(a)(1).  The charges were filed in response to a report of an attempted break-in at a private home in Lebanon County, Pennsylvania, which occurred on April 17, 2003 when plaintiff was off duty.

Defendant alleges that on June 23, 2003 plaintiff pled guilty to disorderly conduct, harassment, and mischief resulting in damage to property pursuant to 18 Pa.C.S.A. § 3304.  Defendant also alleges that plaintiff paid fines and restitution on those charges.  However, plaintiff maintains that he pled guilty only to a single summary charge of criminal mischief, and that he did so on the advice of the Borough of Laureldale.  In addition to a fine or fines, plaintiff also paid restitution for damage done to the victim's door in the amount of $274.54.

Plaintiff received a letter dated March 18, 2004 from the President of the Borough Council of Laureldale informing plaintiff that it was necessary to extend his probationary period

past April 15, 2007.  The letter stated that "due to the two (2) felony trespass counts being re-filed by Lebanon County, PA against you and your brother, it is necessary for Borough Council to extend your probationary period past April 15, 2004."  The letter also stated that the Borough Council has "been informed by the Pennsylvania State Police" that plaintiff had been denied access to the Commonwealth Law Enforcement Assistance Network ("CLEAN"), the system by which police officers perform basic checks of the criminal history and driving history of suspects.

Plaintiff also received a letter dated April 14, 2004 (one day before the one-year anniversary of plaintiff's employment) from the Mayor of the Borough of Laureldale which placed plaintiff on administrative leave without pay pending further action by the Borough Council.

On April 19, 2004, the Borough Council of Laureldale voted to terminate plaintiff's employment.  Plaintiff alleges he did not receive any notice that this meeting would address his employment as a police officer.  By letter dated April 20, 2004, the President of the Borough Council informed plaintiff that his employment had been terminated on April 19, 2004 because the "Borough Council had previously extended your probationary status" and the "Council feels that [it] is in everyone's best interest to terminate your employment, although Borough Council would reconsider your application."

On November 20, 2004, plaintiff's attorney wrote a letter to the Chairman of the Civil Service Commission requesting a civil service hearing concerning plaintiff's termination. By letter dated December 27, 2004, the attorney for the Borough of Laureldale responded to plaintiff's hearing request and informed plaintiff that the Borough would not authorize the Borough Civil Service Commission to convene a Civil Service Hearing.

On January 10, 2005, plaintiff initiated this action by filing a Complaint alleging that his civil rights had been abrogated in violation of 42 U.S.C. § 1983, Pennsylvania's Local Agency Law, and The Borough Code of Pennsylvania.

## DISCUSSION

### First Count

The First Count of plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983. It alleges a violation of the due process clause of the Fourteenth Amendment of the United States Constitution. U.S Const. amend. XIV, § 1, cl. 2. More specifically, plaintiff alleges that he was wrongfully deprived of his statutorily-conferred property interest in his employment. This is a claimed violation of procedural due process.

In determining whether a claim under procedural due process exists, the court applies a two-step analysis. First, the court determines whether the asserted individual interests are encompassed within the Fourteenth Amendment's protections of

life, liberty or property.  Second, if the court determines protected interests are implicated, the court next determines whether the procedures available to protect the interests are sufficiently protective so as to constitute due process of law. Robb v. City of Philadelphia, 733 F.3d 286, 292 (3d Cir. 1984).

For the purposes of procedural due process, property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 33 L.Ed.2d 548, 561 (1972).

Whether a plaintiff has a legitimate entitlement to, and hence a property interest in, his government job is a question answered by state law.  Wyatt v. Lower Saucon Township, No. 07-CV-306, 2007 WL 1461813, at *2 (E.D.Pa. May 16, 2007) (Golden, J.) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006) (Internal quotations omitted.))

In Pennsylvania, an at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer.  Chabal v. Reagan, 841 F.2d 1216, 1223 (3d Cir. 1988).  A Pennsylvania public employee has at-will status and does not have a property interest

in his employment, unless there is express legislative language to the contrary.  Elmore v. Cleary, 399 F.3d 279, 283 (3d Cir. 2005); Scott v. Philadelphia Parking Authority, 402 Pa. 151, 154-155, 166 A.2d 278, 280-281 (1960).

Pennsylvania law confers a property interest upon police officers in their continued employment.  Specifically, section 1190 of the Borough Code of Pennsylvania provides:

> No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:
>
> (1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service.
>
> (2) Neglect or violation of any official duty.
>
> (3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.
>
> (4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.
>
> (5) Intoxication while on duty.
>
> (6) Engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage.

53 P.S. § 46190.

However, a police officer only secures this property interest in his employment upon the successful completion of a

probationary period.  Section 1186 of the Borough Code of Pennsylvania provides as follows regarding the probationary period:

> All original appointments to any position in the police force or as paid operators of fire apparatus shall be for a probationary period of not less than six months, and not more than one year, but during the probationary period an appointee may be dismissed only for a cause specified in section 1183 of this act.  If at the close of a probationary period the conduct [or] fitness of the probationer has not been satisfactory to the council, the probationer shall be notified in writing that he will not receive a permanent appointment.  Thereupon, his appointment shall cease; otherwise his retention shall be equivalent to a permanent appointment.

53 P.S. § 46186 (Footnote omitted.)

Probationary police officers have neither a property interest in their employment, nor an absolute right to a pre- or post-termination hearing.

> The very notion of probationary employment sets those employees apart from the others, signaling that they are new, newly transferred or newly promoted and that they must prove themselves in the new position before being considered permanently employed therein.... Implicit in the term probationary is that the employee is being tested or evaluated on the job.

Olson v. Borough of Avalon, 811 A.2d 66, 71 (Pa. Commw. 2002) (citing Upper Makefield Township v. Pennsylvania Labor Relations Board, 562 Pa. 113, 117-118, 753 A.2d 803, 806 (2000) (Internal citations omitted.))

Pennsylvania courts have clearly held that if a police officer is terminated during the probationary period, even on the last day of the period, the police officer has failed to secure a property interest.  Olson, supra; Whyte v. City of Scranton, 55 Pa.Commw. 353, 358, 423 A.2d 473, 475 (1980).

Plaintiff concedes that the police officer statutory probationary period applied to his employment.  However, plaintiff contends that he secured a property interest and became a tenured fulltime officer because he remained employed by defendant as a police office after the probationary period had lapsed.

Defendant disagrees and argues that plaintiff never successfully completed his probationary period because he was placed on administrative leave prior to the end of his probation and was officially terminated four days later.  Alternatively, defendant contends that it lawfully extended plaintiff's probationary period and terminated him within the extended period.

The parties agree that no reported case, either federal or state, decided within the territorial boundaries of the United States Court of Appeals for the Third Circuit has squarely addressed whether the continued employment of a police officer after his probationary period has lapsed automatically secures tenured status concerning the related property interest.

If the Supreme Court of Pennsylvania has not addressed a precise issue, a prediction must be made, taking into consideration "relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." Nationwide Mutual Insurance Company v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000). "The opinions of intermediate state courts are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court in the state would decide otherwise." Id. (Internal citation and quotations omitted.)

Plaintiff's position finds some support in Pennsylvania law. The Commonwealth Court of Pennsylvania has held that if a probationary employee's employment continues beyond the last day of a probationary period, in the context of a promotion, plaintiff's continued employment by defendant secures a property interest in the promotion. Whyte v. City of Scranton, 55 Pa.Commw. 353, 358, 423 A.2d 473, 475 (1980). The same court has noted that statutory time limits signal that the evaluation period will not last forever before a decision is made to either terminate the employee or retain him with full vesting of rights and responsibilities. Thus, time limits seek to preclude a limbo status. Olson, 811 A.2d at 72.

However, defendant's position is also supported by at least one Pennsylvania trial judge.  In the analogous case of <u>Salkeld v. Civil Service Commission</u>, 6 D.&C.2d 535 (C.P. Delaware 1955), the court was interpreting the language of the First Class Township Code, Act of June 24, 1931, P.L. 1206, art. VI, § 640, as amended, 53 P.S. § 55640, but the statutory language being interpreted was nearly identical to section 1186 of the Borough Code.  The trial court stated:

> We do not agree with plaintiff that his retention in the police force beyond the probationary period of six months was ipso facto equivalent to a permanent appointment.
>
> . . .
>
> The probationary period limits the probationer; he has six months in which to demonstrate conduct or fitness satisfactory to the township commissioners.  It is certain that the statute should receive a reasonable construction.  Clearly, the probationer has the entire probationary period in which to make good.  Just as clearly, the township commissioners have a reasonable time after the expiration of the probationary period in which to reach a decision with respect to the probationer's conduct or fitness.  It is only after the lapse of this reasonable time, in our opinion, that the probationer's retention shall be equivalent to a permanent appointment.  To expect the commissioners to form their conclusion as to conduct or fitness, and to notify the probationer in the event of a decision adverse to him, simultaneously with the closing of the probationary period, is to exact the impossible.  The law does not require such split second timing.

6 D.&C.2d at 538-539.

Moreover, at least one Pennsylvania appellate court has held that a police officer's probationary period may be extended. <u>Smith v. Keim</u>, 8 Pa.Commw. 610, 614, 303 A.2d 869, 871 (1973). In that case, a police officer's performance had been found unsatisfactory during the probationary period, and the officer had requested and received a further opportunity to satisfy performance standards. Although the Commonwealth Court recognized that the "unique characteristics of this case" limit the precedential effect of the result, the Court nevertheless recognized that a police officer's probationary period may be extended.

I find the reasoning of the Commonwealth Court in <u>Smith v. Keim</u> and the Common Pleas Court in <u>Salkeld</u> to be both persuasive and applicable to the within action. Accordingly, I conclude that if presented with the question, the Supreme Court of Pennsylvania would hold that defendant had a brief and reasonable period of time after the close of plaintiff's probationary period as a police officer to evaluate his performance and fitness for a tenured position and would briefly extend his probationary period for this limited purpose. A contrary result would effectively proscribe defendant from reviewing the entire term of a police officer's probationary period.

Although the Commonwealth Court stated in Whyte that a police officer has a property interest in his promotion if the employment continues beyond the last day of a probationary period, Whyte is distinguishable in a number of ways.  First, the police officers in that case did not actually complete their probationary period, and the court ultimately held that the municipality properly terminated their employment on the last day of the probationary period.  Thus, the court's statement regarding the effect of the lapse of time on the probationary period was not essential to the holding of the case.

Second, regarding the lapse of time, the Commonwealth Court apparently assumed that the officers (former reserve patrolmen) would be performing the duties of regular patrolmen and paid as regular patrolmen as if they had secured their promotions.  These facts are markedly different from the within case, where the officer was suspended without pay pending review by the borough council.

Finally, the Commonwealth Court held that the inclusion of plaintiffs on the municipality's payroll was insufficient to fulfill the requirement of continued active service so as to satisfy the probationary period.  Thus, a single administrative formality alone was insufficient to confer a change in employee status.

By contrast, the undisputed facts of the within matter reveal that plaintiff never successfully completed his probationary period. Prior to the close of plaintiff's probationary period, defendant took administrative steps to remove him from service as an active duty officer. Defendant formally removed plaintiff from active duty by placing him on suspension without pay. While on suspension, plaintiff was neither performing duties as an active police officer, nor was he receiving police officer pay. Thus, plaintiff was not serving as a tenured police officer at the conclusion of his probationary period.

Moreover, plaintiff was informed that his service during the probationary period was potentially unsatisfactory and that he might not be fit for a tenured position. Defendant both informed plaintiff that his probationary period would be extended and placed him on administrative leave before the close of his probationary period. Plaintiff had clear notice that his tenured status was anything but secure. Plaintiff never faced a situation where he was in employment limbo. Plaintiff's status as police officer was clearly and consistently communicated to him.

Furthermore, defendant acted swiftly upon the close of the initial probationary period to terminate plaintiff's employment. Whether the actual date of termination is viewed as

-17-

a date for review of plaintiff's conduct and fitness for a tenured position occurring after the close of plaintiff's probationary period or viewed as occurring during an extension to the probationary period, plaintiff failed to complete his probationary period.

Accordingly, I dismiss the First Count of plaintiff's Complaint because I find that plaintiff never successfully completed his probationary period as a police officer pursuant to section 1186 of The Borough Code, 53 P.S. § 46186.

### Second and Third Counts

The Second and Third Counts of plaintiff's Complaint allege pendent state law claims.  The Second Count avers a cause of action for a violation of Pennsylvania's Local Agency Law. The Third Count is a cause of action for a violation of The Borough Code of Pennsylvania.

Pursuant to a federal court's supplemental jurisdiction, I may entertain state law claims when they are so related to federal claims within the court's original jurisdiction that they form a part of the same case or controversy.  28 U.S.C. § 1367.  However, if all federal claims are dismissed before trial, the court should ordinarily dismiss any remaining state law claims as well.  Fortuna's Cab Service v. City of Camden, 269 F.Supp.2d 562, 566 (D.N.J. 2003).

In this case, original jurisdiction was based on federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Having determined that all federal-question claims must be dismissed, the remaining two claims sound in state law. Accordingly, I conclude that there is no federal-question jurisdiction pursuant to 28 U.S.C. § 1331.  Therefore, I decline to exercise supplemental jurisdiction over the remaining claims. As a result, I dismiss the Second and Third Counts of plaintiff's Complaint.

Although I do not reach the merits of the Second Count and Third Count of plaintiff's Complaint, they appear of dubious merit.  Regarding the Second Count, plaintiff has failed to identify a statute or case under Pennsylvania's Local Agency Law authorizing a private cause of action when plaintiff has not established a property interest in his employment.  See 2 Pa.C.S.A. §§ 105-106, 551-554, 751-754.

Regarding the Third Count, it appears that plaintiff's failure to complete his probationary period is fatal to his claim for civil service protections under The Borough Code of Pennsylvania, including a Civil Service Commission hearing and appeal to the Court of Common Pleas prior to his termination. See 53 P.S. §§ 46190-46191.  Moreover, plaintiff has also failed to identify a statute or case authorizing money damages for violations of The Borough Code.

## CONCLUSION

For all the foregoing reasons I grant defendant's motion for summary judgment, deny plaintiff's motion for partial summary judgment, and dismiss plaintiff's Complaint.